FRUGÉ, Judge.
This suit arises from the collision of two automobiles at a light-regulated intersection in the City of Eunice. The collision occurred at the intersection of Oak Avenue and Seventh Street in the City of Eunice. Oak Avenue generally runs east and west, and Seventh Street runs north and south. Just before the collision, Mrs. Duran, driving the plaintiff’s automobile, was proceeding in a westerly direction on Oak Avenue and had stopped at the intersection on a red light. Mrs. Gotreaux was proceeding southward on Seventh Street. The collision occurred when the plaintiff’s vehicle proceeded from a fully stopped position into the lane of travel of the Gotreaux vehicle. The Gotreaux vehicle collided into the right center portion of the Duran vehicle. Extensive damage was done to the front of the Gotreaux vehicle. The plaintiff, Ronald R. Duran, the owner of the vehicle in which Mrs. Duran was driving, sued defendant for $137.18 for collision *89 damage done to his automobile. This amount was not the total of the damage, but only what he had to pay to have the repairs made. The judge of the City Court of Eunice held that the defendant was negligent and her negligence was the proximate cause of the accident. Defendant has appealed. We affirm.
This case has been consolidated for argument in this court with a suit arising from the same accident. See Gotreaux v. Duran, 254 So.2d 89 (La.App. 3rd Cir., 1971).
Both Mrs. Duran and her daughter testified that when they arrived at the intersection, the light was red and Mrs. Duran came to a full stop to let Karen out so she could go to school. But, when they stopped, since it was still raining lightly, Mrs. Duran decided to drop Karen off at the school. They both testified that the light turned green and Mrs. Duran proceeded on into the intersection. Mrs. Duran testified she never saw the Gotreaux vehicle. Karen testified she saw it only just immediately before the impact.
Mrs. Gotreaux testified that she was coming down the street and observed the light to be green, and it continued to be green until she got there and at no time changed. She did see the Duran vehicle sometime before she got to this intersection. At the time she first saw it, it was stopped. It remained stopped until she got almost to the intersection, then it pulled in front of her.
Patrolman Bellard of the City Police Department of Eunice testified that he arrived at the intersection shortly after the accident. He observed the light to be green as he came down Seventh Street, and the light did not change as he approached the accident. Later, after taking statements from the parties to the accident, he observed that the light was still green to the traffic on Seventh Street. For that reason, he had the light turned off.
The trial judge heard the testimony of these witnesses and concluded:
“The Court observed the demeanor of Mrs. Duran and her daughter and believed that they were sincere in their testimony, and, therefore, the Court finds the preponderance of the evidence is in favor of the plaintiff. The light may not have been working when the Patrolman arrived but the positive testimony of both Mrs. Duran and her daughter is to the effect that the light was working when they arrived at the intersection, and, the Court, therefore, finds as a fact that Mrs. Nolan Gotreaux was negligent and her negligence was the proximate cause of the accident.”
After a thorough review of the record, we can hardly find any evidence on which to conclude that the trial judge committed manifest error in his decision. There is no doubt that a substantial issue was presented on the question of negligence, and we cannot conclude that the trial judge was wrong inasmuch as he did see and observe the witnesses.
For the foregoing reasons, the judgment appealed from is affirmed. Appellant to pay costs.
Affirmed.