FRUGÉ, Judge.
This case arises out of a collision of two automobiles at a light-controlled intersection in the City of Eunice. This suit was consolidated for argument in the Court of Appeal with another suit arising from the same accident. Duran v. Gotreaux, 254 So.2d 84 (La.App. 3rd Cir., 1971). The facts of the case are the same as set forth in that opinion except this suit was brought by Nolan Gotreaux in the District Court for the damage done to his vehicle. The trial court dismissed his suit finding for the defendant. Plaintiff has appealed. We affirm.
The evidence set forth in this record is basically the same as that decision; however, this trial court concluded that plaintiff, Mrs. Gotreaux, failed to prove her case by preponderance of the evidence. His finding of fact is as follows:
“The testimony of the plaintiff’s wife who was driving a car south on 7th Street is to the effect that the light was green for vehicular traffic on 7th Street, in short, she had the right of way. On the other hand, the testimony of the defendant’s wife and her daughter- — passenger was that as they began to negotiate the 7th Street and Oak Avenue intersection proceeding in a westerly direction on Oak Avenue, the light was green for them. Officer Bellard who has been on the police force for the City of Eunice for some eighteen years testified that when he investigated the accident some eight to ten minutes after the collision he found the traffic light to be stuck with a green light for vehicular traffic on 7th Street and a red light for vehicular traffic on Oak Avenue. He has further testified that the particular light in question has given difficulty on several occasions and that it has given them more trouble during inclement weather. The testimony in this case shows although it was not raining hard at the time it was drizzling at the time of the collision.
“The Court does not feel that the testimony of the officer about the light having become stuck immediately after the accident is the least bit persuasive.”
The judge of that court was presented with the same positive testimony of the mother and daughter riding in the Duran vehicle, that the light did change to green for them as was the judge m the *91 case in the other court. Plaintiff, Mr. Go-treaux, in order to prove his case beyond the preponderance of the evidence had to overcome this positive proof. The evidence that he brought forth is insufficient to establish that preponderance, and we can find no facts in the record which indicate that the judge in this case committed manifest error. Also, we do not find that the doctrine of last clear chance is applicable in this case, no negligence having been proven on the part of the defendant.
For the foregoing reasons, the judgment appealed from is affirmed. Appellant to pay the costs.
Affirmed.